UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON
http://www.ohsb.uscourts.gov

IN RE:

          BROWN, TINA MARIE

                  Debtor.

Case No: 16-31234
Chapter 7
Judge Lawrence S. Walter

## TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS IN PRE-PETITION GARNISHMENT

## PLEASE READ THIS NOTICE CAREFULLY

**You are hereby notified** that the Trustee has filed papers with the Court requesting an Order pursuant to the above referenced Motion, Application and/or Objection (hereinafter called the "Trustee's Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Trustee's Motion, or if you want the Court to consider your views on the Trustee's Motion, then on or before Twenty-One (21) days from the Date of Issuance set forth below, you or your attorney must file a written response in accordance with the Court's local rules and filing procedures.

    The Clerk of Court's address is: U.S. Bankruptcy Court Clerks Office, 120 W. Third Street, Dayton, OH 45402.

    Copies of the Court's Administrative Procedures for electronic court filings can be found at the following website: http://www.ohsb.uscourts.gov

You must file the response early enough so the Court will **receive** it on or before the date stated above.

You must also provide a copy of your response to John Paul Rieser. You may either electronically serve John Paul Rieser through the court's ECF System or mail a copy to the following address: John Paul Rieser, Trustee, 7925 Graceland St., Dayton, OH 45459-3834.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Trustee's Motion and may enter an order granting that relief.

      **July 13, 2016**                                                       */s/ John Paul Rieser*
      _____                           _____
      Date of Issuance                                              John Paul Rieser, Esq.

## OBJECTION

**NOW COMES,** John Paul Rieser, the duly appointed and acting Chapter 7 Trustee of the Debtor herein and hereby **OBJECTS**, pursuant to 11 U.S.C. §522(G), Rule 4003(b) of the Federal Rules of Bankruptcy Procedure, and LBR 4003-1 to the Debtor's claimed exemptions in a pre-petition garnishment (hereinafter the "garnishment"). The Debtor claimed the bank account and wage exemption: 100% pursuant to O.R.C. §2329.66(A)(3) (the "bank account exemption") and 100% pursuant to O.R.C. §2329.66(A)(13) (the "wage exemption").

The Trustee objects to Debtor claiming her bank account exemption and wage exemption in the garnishment due to the funds not being in the account at the time of filing and the garnishment was not wages due at the time of filing. Rather, this is a recover of a 90-day preference transfer.

The Trustee requests that the Debtor's claimed exemptions in the garnished funds be denied.

A Memorandum in Support is attached hereto.

Respectfully submitted,

*/s/ John Paul Rieser*
John Paul Rieser, Esq. (0017850)
Attorney for John Paul Rieser, Trustee
Rieser & Marx LLC
7925 Graceland Street
Dayton, OH 45459-3834
Tel: 937/224-4128, Fax: 937/224-3090
E-mail: attyecfdesk@riesermarx.com

## MEMORANDUM

1.      This case was filed on April 20, 2015. The 341 meeting was concluded in this case on June 15, 2016, at which time John Paul Rieser became the duly appointed and acting Chapter 7 Trustee.

2.      Pursuant to the decision of the United States Supreme Court in <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 112 S. Ct. 1644, 118 L.Ed. 2d 280 (1992), and Bankruptcy Rules 4003 and 9006, this Objection is timely brought by the Trustee, within 30 days of the conclusion of the 341 Meeting of Creditors.

3.      The Debtor listed the garnishment on Schedule B with a scheduled value of $3,760.95. The Debtor claimed two exemptions in the garnishment, and the Trustee objects to both of the exemptions claimed.

4.      The garnishment occurred pre-petition. At the time of filing, the garnished funds were not in the Debtor's bank account, nor were they wages owed to the Debtor. The Trustee has recovered this 90-day preference transfer. The Debtor has no applicable exemptions to apply to the preference transfer recovery.

WHEREFORE, the Trustee requests that the Court sustain the Objection of the Trustee as prayed for and issue an order denying the Debtor's claimed exemptions.

Respectfully submitted,

*/s/ John Paul Rieser*
John Paul Rieser, Esq. (0017850)
Case Attorney for John Paul Rieser, Trustee
Rieser & Marx LLC, Of Counsel
7925 Graceland Street
Dayton, OH 45459-3834
Tel: 937/224-4128, Fax: 937/224-3090
E-mail: attyecfdesk@riesermarx.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS IN PRE-PETITION GARNISHMENT** was served this **13th** day of July, 2016, on the parties in interest listed below by either regular U.S. mail, postage prepaid, or by the Court's electronic ECF noticing system, as indicated below.
The following party was served by regular U.S. mail, postage prepaid:

Tina Marie Brown
433 Woodside Drive
West Alexandria, OH 45381

The following parties were served by the Court's electronic ECF noticing system:

- Asst US Trustee (Day)    USTPRegion09.CB.ECF@usdoj.gov
- Marianne Graham Dorman mdorman@schreyerthomas.com

*/s/ John Paul Rieser*
John Paul Rieser [srw/777]